## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

|  |  |
|---|---|
| Jason Dosier,<br><br>                         Plaintiff,<br><br>        v.<br><br>Medicredit, Inc.; and DOES 1-10, inclusive,<br><br>                         Defendants. | :<br>:<br>:  Civil Action No.: _____<br>:<br>:<br>:<br>:<br>:  **COMPLAINT**<br>:<br>:<br>:<br>:<br>: |

For this Complaint, Plaintiff, Jason Dosier, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") .

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3.      Plaintiff, Jason Dosier  ("Plaintiff"), is an adult individual residing in Marian Junction, Alabama, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant Medicredit, Inc. ("Medicredit"), is a  business entity with an address of Three City Place Drive, Suite 6900, Saint Louis, Missouri 63141, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.      Does 1-10 (the "Collectors") are individual collectors employed by Medicredit and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6.      Medicredit at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.  The Debt**

7.      A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

8.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.      The Debt was purchased, assigned or transferred to Medicredit for collection, or Medicredit was employed by the Creditor to collect the Debt.

10.      Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  Medicredit Engages in Harassment and Abusive Tactics**

11.      In or around April 2016, Medicredit began calling Plaintiff in an attempt to collect the Debt.  The Debt is allegedly owed by Plaintiff's deceased father, Floyd Dosier.

12.      Plaintiff advised Medicredit that he was not associated with the Debt or responsible for its repayment, and therefore demanded that all calls to him cease.

13.      Nevertheless, Medicredit continued to call Plaintiff in an attempt to collect the Debt.

**C.  Plaintiff Suffered Actual Damages**

14.      Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

15.      As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear,

frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

16.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

18.     Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

19.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

20.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

21.     Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4.  Such other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 23, 2016

Respectfully submitted,

By: __/s/ Sergei Lemberg_____

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff